FILED
2019 Sep-24  PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **TIFFANY ASHLEY; CHARLES RICHARD CORRY; and BULLHEADED, LLC D/B/A THE BULL PEN STEAKHOUSE; individually and on behalf of all others similarly situated,** )<br><br>)<br>)<br>)<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**TYSON FARMS INC. d/b/a RIVER VALLEY INGREDIENTS; JASON SPANN; HYDRA SERVICE, INC.; and JASPER WATER WORKS AND SEWER BOARD, INC.,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>**Defendants.** ) | **CIVIL ACTION NUMBER: 5:19-CV-01180-LCB**<br><br>**OPPOSED** |

## DEFENDANT TYSON FARMS, INC.'S
## MOTION TO STRIKE THE CLASS ALLEGATIONS

Pursuant to Federal Rules of Civil Procedure 12(f), 23(c)(1)(A), and 23(d)(1)(D), Defendant Tyson Farms, Inc. moves to strike the Complaint's (doc. 1) class action-related allegations. Counsel for Tyson Farms conferred with counsel for Plaintiffs concerning the relief requested in this motion, who indicated that Plaintiffs intend to oppose this motion.

## INTRODUCTION

It is apparent on the face of the Complaint that Plaintiffs' proposed class

definition is legally improper.  Plaintiffs define their putative class as "Alabama residents" who "own or lease residential or commercial property and/or personal property that has been or will in the future ***be damaged*** as a result of" the June 6, 2019 accidental release[1] of partially treated wastewater from Tyson Farms' River Valley Ingredients poultry rendering facility into the Mulberry Fork.  Doc. 1 at 12.[2] In other words, membership in the putative class is restricted to Alabama residents who have in fact suffered actual damages caused by the wastewater release.

Classes, like this one, in which membership is contingent upon proving an essential element of each member's individual claim—here, proximate causation and resulting damages—have been appropriately named "fail-safe" classes.  "Either the class members win or, by virtue of losing, they are not in the class, and therefore not bound by the judgment."  *Randleman v. Fid. Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011).  Such fail-safe classes are facially improper under Federal Rule of Civil Procedure 23, precisely because they allow absent class members to circumvent *res judicata*, benefiting from a favorable judgment without being bound by an unfavorable one.  Plus, fail-safe classes also violate Rule 23's "ascertainability" requirement, whereby a putative class must be "adequately

---

[1] Tyson Farms preserves all of its defenses and does not intend the terminology used herein to constitute a waiver of such defenses.

[2] Because the Complaint repeats paragraph numbers, citations are to the corresponding page number rather than the corresponding paragraph.

defined" according to "objective criteria" that allow class members to be defined in an "administratively feasible way." *See Karhu v. Vital Pharm., Inc.*, 621 F. App'x 945, 947 (11th Cir. 2015).

The putative class here is a textbook example of a fail-safe class. A person's membership in the putative class is conditioned upon proof that the person in fact suffered an injury to his or her property or business as a result of the wastewater release. So, that means that if Plaintiffs are unsuccessful in proving at trial that a given person suffered an injury to his or her property or business as a result of the wastewater release, then that person would, by definition, not be in the class. And if that person is not in the class, then that person would not be bound by the adverse judgment and would be free to file a separate action asserting his or her individual claim. That sort of one-way intervention, where an absent class member benefits from a favorable judgment but is not bound by an unfavorable one, is patently unfair and inconsistent with Rule 23. Plus, with a class definition like this one, determining membership in the class in advance of final judgment cannot be done in an administratively feasible manner and would require the sort of individualized mini-trials that are the antithesis of Rule 23's ascertainability requirement. Therefore, the Court should strike Plaintiffs' fail-safe class allegations.

## ARGUMENT

### I.   Requirements For Class Certification And Standard Of Review For Motions To Strike Class Allegations

Class actions are the "exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (internal quotation marks omitted). "[T]o justify a departure from that rule, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Id.* (internal quotation marks omitted). To that end, the plaintiff "bears the burden of satisfying all implicit and explicit requirements of Federal Rule of Civil Procedure 23." *Bussey v. Macon Cty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009)).

Rule 23 sets forth several explicit requirements for certifying a class action. Every class must satisfy all four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and at least one of the requirements of Rule 23(b). FED. R. CIV. P. 23(a), (b); *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012). For claims seeking class-wide damages, Rule 23(b)(3) applies, which requires that "questions of law or fact common to class members *predominate* over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3) (emphasis added); *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004), *abrogated in part on other grounds*, *Bridge v. Phoenix Bond &*

4

*Indem. Co.*, 553 U.S. 639 (2008).  The "district court must conduct a rigorous analysis" to confirm that the explicit prerequisites of Rule 23 have been met.  *Vega v. T-Mobile USA*, 564 F.3d 1256, 1266 (11th Cir. 2009) (internal quotation marks omitted).

But even before delving into the "rigorous" analysis of Rule 23's explicit requirements, a court first must consider Rule 23's *implicit* requirements.  One such implicit, threshold requirement is that every class must be "adequately defined and clearly ascertainable."  *Little*, 691 F.3d at 1304; *Karhu*, 621 F. App'x at 947 (a proposed class must be "ascertainable").  An "ascertainable" class exists "if its members can be ascertained by reference to objective criteria."  *Bussey*, 562 F. App'x at 787 (internal quotation marks omitted).  The analysis of the objective criteria must be "administratively feasible," which "means that identifying class members is a manageable process that does not require much, if any, individual inquiry."  *Id.* (quoting WILLIAM H. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 3.3 p. 164 (5th ed. 2012)) (internal quotation marks omitted).  A fail-safe class, *i.e.*, one "defined in terms of the ultimate question of liability," *Hurts v. Shelby Cty. Bd. of Educ.*, No. 2:13-CV-230-VEH, 2014 WL 4269113, at *8 (N.D. Ala. Aug. 21, 2014), fails Rule 23's threshold "ascertainability" requirement.

The burden of proof to establish all of the implicit and explicit requirements for class certification rests with the plaintiff. But, a court may address class

certification "at the pleading stage," *before* discovery has taken place, if a defendant is able to show "'from the face of the complaint that it will be *impossible* to certify the classes alleged by the plaintiff regardless of the facts the plaintiff may be able to prove.'" *Lawson v. Life of the S. Ins. Co.*, 286 F.R.D. 695 (M.D. Ga. 2012) (quoting *Oginski v. Paragon Props. of Costa Rica, LL*C, Nos. 10–21720–CIV, 11–60647–CIV, 2011 WL 3489541, at *3 (S.D. Fla. Aug. 9, 2011)) (emphasis added).  In that circumstance, the court may strike or dismiss the class allegations.  *See, e.g.*, *Lawson.*, 286 F.R.D. at 696–99 (striking class allegations because it was facially apparent that individualized issues of liability predominated over common ones); *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1207 (M.D. Fla. 2010) ("Where the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on this issue prior to the filing of a motion for class certification.").[3]  Striking class allegations prior to discovery is

---

[3] *See also, e.g.*, *Herrera v. JFK Med. Ctr. Ltd. P'ship*, 648 F. App'x 930, 934 (11th Cir. 2016) (recognizing that "it is sometimes possible to decide the propriety of class certification from the face of the complaint"); *Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1006 (11th Cir. 1997) (concluding that Rule 23(b)(3)'s predominance requirement could not be satisfied, and that such failure was "readily apparent from a reading of the . . . complaint"); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 946 (6th Cir. 2011) (affirming grant of motion to strike class allegations because it was apparent on the face of the complaint that alleged class would not meet predominance requirement); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (striking class allegations "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial") (internal quotation marks omitted); *Bd. of Educ. of Twp. High Sch. v. Climatemp, Inc.*, Nos. 79 C 3144 & 79 C 4898, 1981 WL 2033, at *2 (N.D. Ill. Feb. 20, 1981) (finding that motion to strike was procedurally appropriate, reflecting "the court's inherent power to prune pleadings in order to expedite the administration of justice and to prevent abuse of its process").

6

consistent with the Court's inherent power to ensure the just, speedy, and inexpensive resolution of lawsuits. FED. R. CIV. P. 1. It also is expressly sanctioned by Rule 23(c)(1)(A), which requires courts to address the merits of class certification "[a]t an early practicable time," by Rule 23(d)(1)(D), which permits courts to require the amendment of pleadings to eliminate class allegations, and by Rule 12(f), which permits courts to strike "any redundant, immaterial, impertinent, or scandalous matter" in the pleadings. For a court to inquire into certification prior to discovery, "the issues [must be] plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Lumpkin v. E.I. Du Pont de Nemours & Co.*, 161 F.R.D. 480, 481–82 (M.D. Ga. 1995) (quoting *General Tele. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)) (finding no "basis for further pursuit of a class action" and that "awaiting further discovery will only cause needless delay and expense").

Here, the Court should strike the class allegations because it is apparent from the face of the Complaint that the proposed class definition is legally improper, and that the putative class, as currently defined, could never be certified. No amount of discovery will change this outcome.

**II.     The Class Allegations Should Be Stricken Because the Putative Class Is Impermissibly "Fail-Safe."**

**A.     Fail-safe classes are not ascertainable and are routinely stricken before discovery.**

"A fail-safe class is 'a class whose membership can only be ascertained by a determination of the merits of the case because the class is defined in terms of the ultimate question of liability.'"  *Hurt*, 2014 WL 4269113, at *8 (quoting *Rodriguez v. Countrywide Home Loans, Inc.*, 695 F.3d 360, 369–70 (5th Cir. 2012)); *accord Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012) (defining a fail-safe class as "one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim"); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012) (a "fail-safe" class is a class "that cannot be defined until the case is resolved on its merits").  Most commonly, fail-safe classes are those that are defined in terms of legal injury or by reference to the violation or breach of a statute, regulation, contract, or other law. *See, e.g.*, *Gregory v. Stewart's Shops Corp.*, No. 7:14-cv-33, 2016 WL 8290648, at *18 (N.D.N.Y. July 8, 2016).

The problems with fail-safe classes are both logical and practical.  "On the logical front, the class definition is essentially circular."  *Hurt*, 2014 WL 4269113, at *8.  It defines its members as those who have viable claims against the defendant.

So, "the class definition assumes what it ostensibly seeks to prove," which itself is problematic. *Id*.

The problems compound, however, when one considers the practical complications fail-safe definitions introduce. First, fail-safe classes impermissibly allow absent class members to circumvent *res judicata*, benefiting from a favorable judgment without being bound by an unfavorable judgment. *See Adashunas v. Negley*, 626 F.2d 600, 604 (7th Cir. 1980) ("The new class definition, if allowed, would result in a 'fail-safe' class, a class which would be bound only by a judgment favorable to plaintiffs but not by an adverse judgment.") (internal quotation marks omitted); *Hurt*, 2014 WL 4269113, at *8 (fail-safe classes "permit plaintiffs to circumvent res judicata and basically rig the certification process so that they cannot lose"). In other words, "[e]ither the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment." *Randleman*, 646 F.3d at 352. Such one-way intervention is not only "palpably unfair" to defendants, *see Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010), but it is also inconsistent with Rule 23(c)(3), which requires that a judgment adverse to the class bind all class members, *see Isaacs v. Sprint Corp.*, 261 F.3d 679, 681–82 (7th Cir. 2001).

Second, fail-safe classes are "'unmanageable because the members of the class could only be known after a determination of liability.'" *Hurt*, 2014 WL

4269113, at *8 (quoting *Eager v. Credit Bureau Collection Servs., Inc.*, No. 1:13-CV-30, 2014 WL 3534949, at *4 (W.D. Mich. July 16, 2014)); NEWBERG ON CLASS ACTIONS § 3:6 ("Class definitions that require a court to decide the merits of prospective individual class members' claims to determine class membership— sometimes referred to as 'fail-safe' classes—may also run afoul of the definiteness requirement.").    In other words, because membership in a fail-safe class is conditioned upon proving an ultimate issue in the case (either the defendant's liability, the plaintiff's injury, or both), a court would need to conduct individualized, mini-hearings on the merits "to determine who belongs within the class and who does not." *Bell v. Cheswick Generating Station, Genon Power Midwest, L.P.*, No. 12-cv-929, 2015 WL 401443, at *4 (W.D. Pa. Jan. 28, 2015).    That would violate Rule 23's threshold requirement of ascertainability, whereby a class must be identifiable according to objective criteria and via an "administratively feasible" process.  *Bussey*, 562 F. App'x at 787; *see also Kondratick v. Beneficial Consumer Disc. Co.*, No. Civ. A. 04-cv-4895, 2006 WL 305399, at *10 (E.D. Pa. Feb. 8, 2006) ("[B]ecause mini-hearings on the merits are required here to determine class membership, this class definition is untenable and cannot be certified.").

        As a result of these problems, courts routinely strike fail-safe class definitions. *See, e.g.*, *Sherrod v. Enigma Software Grp. USA, LLC*, No. 2:13-CV-36, 2016 WL 25979, at *3–4 (S.D. Ohio Jan. 4, 2016) (striking as fail-safe class of consumers who

were charged for subscription renewals without giving prior authorization); *Lith v. Iheartmedia + Entm't, Inc.*, No. 1:16-CV-066-LJO-SKO, 2016 WL 4000356, at *4–5 (E.D. Cal. July 25, 2016) (striking as fail-safe class that was limited to employees whose wage statements violated Labor Code section 226(a)(8)); *Dixon v. Monterey Fin. Servs., Inc.*, No. 15-CV-03298-MMC, 2016 WL 3456680, at *4–5 (N.D. Cal. June 24, 2016) (striking as fail-safe class that was limited to individuals who received telephone calls without prior consent); *Bell*, 2015 WL 401443, at *3–5 (striking as fail-safe class defined as "[a]ll . . . residents or homeowners . . . who have suffered similar damages to their property by the invasion of particulates, chemicals, and gases from Defendant's facility"); *Sauter v. CVS Pharmacy, Inc.*, No. 2:13-CV-846, 2014 WL 1814076, at *8–9 (S.D. Ohio May 7, 2014) (striking as fail-safe class limited to persons "who can establish that defendant violated the TCPA"); *Kissling v. Ohio Cas. Ins. Co.*, No. 5:10-22-JMH, 2010 WL 1978862, at *2–3 (E.D. Ky. May 14, 2010) (striking as fail-safe class where determining "class membership [was] also determinative of liability").[4]

---

[4] Courts also routinely deny class certification for fail-safe classes. *See, e.g.*, *Fennell v. Navient Sol'ns, LLC*, No. 06:17-cv-2083, 2019 WL 3854815, at *3–4 (M.D. Fla. June 14, 2019); *Usry v. Equity Experts.org, LLC*, No. 1:16-cv-010, 2018 WL 934897, at *3 (S.D. Ga. Feb. 16, 2018); *Randleman*, 646 F.3d at 352; *Eversole v. EMC Mortg. Corp.*, No. 05-124-KSF, 2007 WL 1558512, at *4–6 (E.D. Ky. May 29, 2007); *Dafforn v. Rousseau Assocs., Inc.*, No. F 75-74, 1976 WL 1358, at *1 (S.D. Ind. Jul. 27, 1976).

**B.     Plaintiffs' proposed class is fail-safe, and the Court should strike Plaintiffs' class allegations.**

Plaintiffs' proposed class definition is a textbook example of an impermissible fail-safe class that is routinely stricken.  The class definition defines the class as "[a]ll Alabama residents *who own or lease residential or commercial property and/or personal property that has been or will in the future be damaged as a result of the June 6, 2019 wastewater spill/contamination and the subsequent containment, handling, and/or remediation of said spill/contamination*."  Doc. 1 at 12 (emphasis added).  In other words, membership in the class is restricted only to those persons who have in fact suffered a legal "injury" as a result of Defendants' alleged misconduct.  The fact of each individual's injury is of course an element of each claim alleged in the Complaint.

Defined in this manner, the putative class presents both core problems with fail-safe class definitions and could never be certified.  First, the class would allow exactly the sort of one-way intervention that is "palpably unfair" and inconsistent with Rule 23.  By definition, persons whose purported damages were not caused by the wastewater release would not be in the class.  Indeed, if Defendants prevail in this action altogether, the putative class would have no members at all, and no absent class members would or could be bound by the result.  Absent class members would only *exist* if Plaintiffs succeed on the merits of their claims at trial as to at least some persons.  And if Plaintiffs prevail at trial as to the claims of some would-be absent

class members, but lose at trial as to others, the losers still would not be bound.  Such a fail-safe result is legally improper and, for this reason alone, the Court should strike the class allegations.  *See, e.g.*, *Colley v. Proctor & Gamble Co.*, No. 1:16-cv-918, 2016 WL 5791658, at *4, *15 (S.D. Ohio Oct. 4, 2016) (granting motion to strike class defined as persons purportedly injured by P&G's Old Spice deodorant as impermissibly fail-safe and unascertainable); *Gregory*, 2016 WL 8290648, at *18–19 (declining to certify fail-safe subclass defined as persons who were injured by alleged misconduct).

Second, Plaintiffs' vague class definition is also facially unmanageable.  To put it simply, identifying the potential universe of persons who *theoretically* could have somehow suffered injuries to their property or business from the wastewater release is not administratively feasible.  *See, e.g.*, *In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*, 321 F.R.D. 430, 439 (N.D. Ga. 2017) (denying class certification where plaintiffs failed to show that the putative class members could be identified in an administratively feasible way).  Plus, even if the potential members of the putative class could be identified, determining whether or not those persons are, in fact, in the putative class would require the Court to engage in precisely the sort of individualized inquiries that defeat ascertainability.  *See Hurt*, 2014 WL 4269113, at *8; *Carter v. PJS of Parma, Inc.*, No. 1:15 CV 1545, 2016 WL 3387597, at *2 (N.D. Ohio June 20, 2016) (a class definition that requires the court to "make

13

a determination of the merits of individual claims to decide if a particular individual is a member of the class" is facially improper).[5]   That is, the Court could only determine class membership by conducting a mini-hearing, for every single potential class member, into whether that potential class member suffered an injury to his or her business or property, and, if so, whether the wastewater release caused the injury. *See, e.g.*, *Modern Holdings, LLC v. Corning, Inc.*, No. 5:13-cv-00405-GFVT, 2018 WL 1546355, at *15 (E.D. Ky. Mar. 29, 2018) (recognizing that mass toxic tort cases are not amenable to class treatment because of individualized issues of injury, causation, and damages); *Lee-Bolton v. Koppers Inc.*, 319 F.R.D. 346, 384–86 (N.D. Fla. 2017) (same); *In re MTBE Prods. Liab. Litig.*, 209 F.R.D. 323, 347–48 (S.D.N.Y. 2002) (same).[6]   For this separate reason, the Court should strike the class

---

[5] *See also, e.g.*, *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) ("Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings."); *Lindsay Transmission, LLC v. Office Depot, Inc.*, No. 4:12-CV-221 (CEJ), 2013 WL 275568, at *4–5 (E.D. Mo. Jan. 24, 2013) (striking class definition that would require the court to conduct "a mini-hearing on the merits of each case" to determine membership in the class); *Schilling v. Kenton Cty., Ky.*, No. 10-143-DLB, 2011 WL 293759, at *6, *11 (striking class definition where court could not "determine its individual members without . . . a merits-based inquiry of each individual's claim"); *Kissling*, 2010 WL 1978862, at *3 (striking class allegations where "the putative class's very nature would require extensive, individualized factual inquiries" or "mini-hearings," to determine class membership); *Givens v. Van Devere, Inc.*, No. 5:11CV666, 2012 WL 4092738, at *6–7 (N.D. Ohio Sept. 17, 2012) (denying class certification where "[t]here would need to be a person-by-person analysis to simply determine which of Van Devere's customers fit within the proposed class or subclass"); *Kondratick*, 2006 WL 305399, at *10 ("[B]ecause mini-hearings on the merits are required here to determine class membership, this class definition is untenable and cannot be certified.").

[6] *See also, e.g.*, *In re Conagra Peanut Butter Prods. Liab. Litig.*, 251 F.R.D. 689, 698 (N.D. Ga. 2008) (recognizing in a putative personal injury class action that proving injury, causation, and damages would require individualized inquiries); *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1239 (11th Cir. 2000) ("The idea that individual injury could be settled on a class-wide basis

allegations.  *See, e.g.*, *de la Cruz v. Gill Corn Farms, Inc.*, No. 03-cv-1133, 2005 WL 5419056, at *6 (N.D.N.Y. Jan. 25, 2005); *Gregory*, 2016 WL 8290648, at *18–19; *Colley*, 2016 WL 5791658, at *12.

## CONCLUSION

For all of the foregoing reasons, the Court should strike the class allegations in the Complaint.  If Plaintiffs believe the class can be identified before trial based on objective criteria independent of the elements of the claim, they should be required to identify those criteria in the Complaint rather than resorting to a fail-safe class definition.  If they cannot define the class by objective criteria, then that is an admission that no class can be certified, because the dominating question of each class member's injury in fact is inherently individualized.

Dated: September 24, 2019

Respectfully submitted,

s/ Michael R. Pennington

OF COUNSEL:

Edward S. Sledge IV
Michael R. Pennington
Zachary A. Madonia
K. Laney Gifford
BRADLEY ARANT BOULT CUMMINGS LLP

---

is preposterous."); *In re Rezulin Prods. Liab. Litig.*, 210 F.R.D. 61, 66–71 (S.D.N.Y. 2002) (denying Rule 23(b)(3) certification where individual questions of law and fact predominated in action seeking to recover on behalf of class injured from taking the drug Rezulin).

1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8000
(205) 521-8800 (fax)
esledge@bradley.com
mpennington@bradley.com
zmadonia@bradley.com
lgifford@bradley.com

Scott Burnett Smith
Angela M. Schaefer
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, Alabama 35801-4900
(256) 517-5100
(256) 517-5200 (fax)
ssmith@bradley.com
aschaefer@bradley.com

*Attorneys for Tyson Farms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joshua M. Vick
Dennis E. Goldasich, Jr.
Justin C. Owen
**Goldasich, Vick & Fulk**
2100 3rd Avenue North, Suite 400
Birmingham, AL 35203
*Counsel for Plaintiffs*

Robert O. Bryan
**Nelson, Bryan & Cross**
P.O. Box 2309
Jasper, AL 35502
*Counsel for Plaintiffs*

James Thomas Burgess
Scott M. Roberts
**Burgess Roberts LLC**
2017 Morris Avenue, Suite 100
Birmingham, AL 35203
*Counsel for Defendant Jasper Water Works and Sewer Board*

James L. Noles, Jr.
**Barze Taylor Noles Lowther LLC**
2204 Lakeshore Drive, Suite 330
Birmingham, AL 35209
*Counsel for Defendant Jason Spann*

Bryan O. Balogh
R. Frank Springfield
Robert S. Given
D. Matthew Centeno
**Burr & Forman LLP**
420 North 20th Street, Suite 3400
Birmingham, AL 35203
*Counsel for Defendant Hydra Service, Inc.*

s/ Michael R. Pennington
OF COUNSEL