# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **TIFFANY ASHLEY; CHARLES RICHARD CORRY; and BULLHEADED, LLC D/B/A THE BULL PEN STEAKHOUSE;** individually and on behalf of all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**TYSON FARMS INC. d/b/a RIVER VALLEY INGREDIENTS; JASON SPANN; HYDRA SERVICE, INC.; and JASPER WATER WORKS AND SEWER BOARD, INC.,**<br><br>**Defendants.** | **CIVIL ACTION NUMBER: 5:19-CV-01180-LCB**<br><br>**OPPOSED** |

## TYSON FARMS, INC.'S MOTION TO STAY DISCOVERY PENDING A RULING ON MOTIONS TO DISMISS

Defendant Tyson Farms, Inc. moves this Court to stay all discovery and proceedings in this action until after the Court has ruled upon the pending motions to dismiss, other than any discovery that the Court may deem necessary to determine whether it has jurisdiction over this action under the Class Action Fairness Act (CAFA) and whether it must decline to exercise that jurisdiction pursuant to CAFA's "local controversy" exception. The undersigned has conferred with Plaintiffs' counsel, who indicated that Plaintiffs intend to oppose the relief sought in its

entirety.

There is good cause for a stay of discovery here. Courts routinely stay discovery where a defendant has raised a compelling challenge to the Court's jurisdiction. That is precisely what Tyson Farms has done in its motion to dismiss. Given the fail-safe nature of the class definition, which conditions membership in the class on a person having suffered an actual injury as a result of the wastewater release, and given the inherently transitory nature of the effects of the wastewater release, Tyson Farms has raised a compelling challenge to Plaintiffs' ability to satisfy CAFA's threshold requirements that there be at least 100 putative class members and that the aggregate amount in controversy exceed $5 million. *See* Doc. 18 at 5–7. Plus, even assuming that Plaintiffs could satisfy CAFA's threshold requirements for subject matter jurisdiction, Tyson Farms has offered sufficient evidence to show that CAFA's mandatory local controversy exception applies. Jason Spann has joined in Tyson Farms' motion to dismiss, and Jasper Water Works and Sewer Board (JWWSB) has moved to dismiss for failure to state a claim with respect to the claims asserted against it.

Given the meritorious nature of Tyson Farms' and the other Defendants' motions to dismiss, the benefits of a stay far exceed any potential costs. The benefits are obvious. If Tyson Farms' motion to dismiss is granted, then the Court either will lack jurisdiction over this action under CAFA, or will be required under CAFA's

local controversy exception to decline to exercise that jurisdiction. In either case, the Court will have no authority to exercise jurisdiction over the subject matter of this dispute, which would mean, by definition, that any discovery or other proceedings that occur before such a dismissal would be improper and an unnecessary and unwarranted waste of the resources of the Court and the parties. In sharp contrast, the only potential harm Plaintiffs face is a slight delay in discovery as to their claims.

Accordingly, staying discovery until after the Court has resolved Tyson Farms' and the other Defendants' pending motions to dismiss allows the parties and the Court to avoid the significant burden and expense of potentially unnecessary merits and class discovery.

## BACKGROUND

This action arises out of an accidental release of partially treated wastewater that occurred at Tyson Farms' River Valley Ingredients poultry rendering facility and that flowed into the Mulberry Fork, a tributary of the Black Warrior River. Doc. 1 at 6, 8–9.[1] Plaintiffs are Walker County residents or businesses who contend they suffered property or business damage as a result of the wastewater release. *Id.* at 2. Plaintiffs purport to represent a putative class of Alabama residents who have been

---

[1] Because the Complaint repeats the same paragraph numbers, citations are to the corresponding page number rather than the corresponding paragraph.

3

injured in property or business as a result of the wastewater release. *Id*. at 12.

On September 24, 2019, Tyson Farms moved to dismiss Plaintiffs' Complaint in its entirety on two jurisdictional grounds. *See generally* Doc. 18. First, Tyson Farms made clear that Plaintiffs have not satisfied, and cannot satisfy, CAFA's requirements that the putative class contain at least 100 members and that the aggregate amount in controversy exceed $5 million. Indeed, the fail-safe nature of the class definition makes it impossible for the Court to determine class membership without trial or extensive, individualized mini-hearings on the merits. That means that there is no basis for the Court to conclude that the requisite number of putative class members exists or the amount in controversy is satisfied. *Id.* at 5–7.[2] Plus, given the inherently transitory nature of the impact of the wastewater in the waterway, Tyson Farms disputes that more than 100 persons have suffered a legally-cognizable injury to their property or business as a result of the release or that the aggregate damages for those persons (if they exist) exceed $5,000,000. *Id.* at 6–7. And as a result of Tyson Farms' challenge to the Court's jurisdiction, Plaintiffs now bear the burden of coming forward with evidence to establish that such jurisdiction exists, which likely will require them to re-define their putative class in an objective, non-fail-safe manner.

---

[2] Because of the fail-safe nature of the class definition, Tyson Farms has also separately moved to strike the Complaint's class allegations. Doc. 19.

Second, Tyson Farms also showed that CAFA's local controversy exception applies. Most significantly, Tyson Farms introduced survey and statistical evidence proving that greater than two-thirds of any putative class of Alabama residents potentially affected by the wastewater release would be Alabama citizens. *Id*. at 9–14.

In addition to Tyson Farms, Defendants Jason Spann and JWWSB have also moved to dismiss this action in its entirety. *See generally* Docs. 9, 20. Spann joined Tyson Farms' motion to dismiss for lack of jurisdiction. *See* Doc. 20. JWWSB moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Doc. 9.

Discovery in this action has not yet commenced. Pursuant to the Court's Initial Order Governing All Further Proceedings (Doc. 8), however, the parties' clock for meeting and conferring and submitting a Federal Rule of Civil Procedure 26(f) plan has begun. *See* Doc. 8 at 1–2. The Court's Initial Order states that discovery may commence "immediately after the required report has been filed." *Id.* at 5. As explained below, a stay of the Court's discovery obligations and deadlines in its Initial Order, and all other merits or class discovery, is warranted pending a resolution of Tyson Farms' and the other Defendants' motions to dismiss.

## ARGUMENT

Discovery should be stayed until all pending motions to dismiss are resolved, other than any jurisdictional discovery necessary to resolve those pending motions.

The Court has broad discretion to stay discovery "for good cause shown" under Federal Rule of Civil Procedure 26(c).  Here, the strength of the motions to dismiss, combined with the finite period of the requested stay and the burden that a stay may avoid, provide the "good cause" that warrants a stay of discovery.

### I. The meritorious nature of Tyson Farms' and the other Defendants' motions to dismiss provides good cause to grant a stay of discovery until those motions are decided.

The Eleventh Circuit encourages district courts to stay discovery pending a facially-meritorious motion to dismiss.  *See, e.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–68 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins."); *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1292–93 (11th Cir. 2005) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.") (quotation marks omitted); *see also Lawrence v. Governor of Ga.*, 721 F. App'x 862, 864–65 (11th Cir. 2018) (finding stay of discovery pending resolution of motion to dismiss was proper); *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (same); *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005) (stating that "neither the parties nor the court have any need for discovery before the court rules on the motion [to dismiss]") (quotation marks omitted).

This is particularly so where the motion to dismiss raises compelling challenges to the Court's jurisdiction. *See, e.g.*, *Jackson-Bear Grp., Inc. v. Amirjazil*, No. 2:10-CV-332-FtM-29SPC, 2011 WL 720462, at *1 (M.D. Fla. Feb. 22, 2011) (staying discovery pending resolution of jurisdictional issues); *Hesterly v. Royal Caribbean Cruises, Ltd.*, No. 06-22862-CIV, 2007 WL 9702147, at *4 (S.D. Fla. Nov. 27, 2007) (allowing the parties to conduct limited jurisdictional discovery while staying all other discovery and proceedings).  A court that lacks jurisdiction over a matter lacks the authority to adjudicate the claims asserted in that matter. Therefore, any discovery related to the merits of claims over which the court ultimately concludes it does not have subject matter jurisdiction would be entirely useless. *Cf. Hesterly*, 2007 WL 9702147, at *3–4.

Here, Tyson Farms has raised significant meritorious challenges to the Court's ability to exercise jurisdiction over this action. *See supra* at 4–5.  Tyson Farms also has provided sufficient evidence to show that CAFA's local controversy exception applies, including highly probative statistical and survey evidence that far greater than two-thirds of the putative class members (however the class is defined) are citizens of Alabama.  In addition, Jason Spann has joined in Tyson Farms' motion to dismiss in its entirety, and JWWSB has moved to dismiss under Rule 12(b)(6).

Staying discovery into class certification and the merits of Plaintiffs' claims during the pendency of Tyson Farms' and the other Defendants' motions to dismiss

will allow the parties and the Court to avoid the burden and expense of discovery altogether if Tyson Farms' motion is granted and may otherwise allow the parties to conduct more narrowly tailored and efficient merits and class discovery.[3]  If the Court does not issue a stay and instead allows the parties to move forward with discovery, a later determination that the Court lacks jurisdiction over this action (or, in the alternative, that the Court must decline to exercise jurisdiction) would result in a waste of resources and time for both the Court and the parties.  *See Chudasama*, 123 F.3d at 1367–68 (recognizing that "discovery imposes burdens on the judicial system" and the parties); *see also James v. Hunt*, 761 F. App'x 975, 981 (11th Cir. 2018) ("The court's decision to stay the proceedings and filings furthered the goals of controlling the case and saving time and effort for the court, counsel, and the parties.").[4]  Accordingly, the potential benefits weigh heavily in favor of issuing a

---

[3] Again, Tyson Farms seeks to stay all discovery with the exception of any jurisdictional discovery the Court may deem necessary to adjudicate Tyson Farms' pending motion to dismiss.  In that instance, Tyson Farms recognizes that some limited jurisdictional discovery into the identity of the putative class members may be necessary before the Court can issue a meaningful ruling on Tyson Farms' motions.  However, this type of discovery is inherently different from discovery into the merits of Plaintiffs' claims, which is the type of discovery that would be unwarranted and improper if the Court determines that it does not have jurisdiction or must decline to exercise jurisdiction over this action.

[4] Tyson Farms' pending motion to strike (Doc. 19) provides an additional reason for the Court to stay non-jurisdictional discovery.  Given the fail-safe nature of Plaintiffs' class definition and the fact that Plaintiffs' class definition, as written, does not provide any objective criteria by which the parties may narrow the scope of discovery, class discovery is essentially impossible without further guidance from the Court.  Therefore, a favorable ruling on Tyson Farms' motion to strike may result in a more objectively and narrowly defined putative class, and in that event, granting the stay herein requested will allow the parties to plan more appropriately targeted and efficient discovery.

stay.

## II.   The benefits of staying discovery outweigh any potential harm.

The benefits of staying discovery clearly outweigh any potential harm. If the Court grants Tyson Farms' motion to dismiss, then both the Court and the parties will be able to avoid the enormous, unnecessary costs that discovery in this case would impose. In sharp contrast to this palpable benefit of staying merits and class discovery, the only potential harm that Plaintiffs face is a finite delay in beginning discovery on the merits of their claims. But a temporary stay of discovery pending resolution of the motions to dismiss is unlikely to last more than several months, which means a stay will not significantly delay the case. *See, e.g.*, *Blevins v. Aksut*, No. 15-00120-CG-B, 2015 WL 2098017, at *2 (S.D. Ala. Apr. 17, 2015) (finding that the "possibility that a ruling on the[] motions [to dismiss] may narrow the scope of this action" outweighed any possible burden and granting a motion to stay discovery); *McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006) (finding that the plaintiff would not "be prejudiced by a temporary delay in discovery while the potentially case dispositive motions are decided").

## **CONCLUSION**

In light of the foregoing, Tyson Farms requests that the Court stay all proceedings and discovery in this action, with the exception of any jurisdictional discovery the Court may deem necessary to adjudicate Tyson Farms' pending

motion to dismiss. If the Court determines that any jurisdictional discovery is warranted, then non-jurisdictional discovery should be stayed unless and until jurisdiction is established.

Dated: October 11, 2019.

                                              Respectfully submitted,

                                              s/ Michael R. Pennington

OF COUNSEL:

Edward S. Sledge IV
Michael R. Pennington
Zachary A. Madonia
K. Laney Gifford
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8000
(205) 521-8800 (fax)
esledge@bradley.com
mpennington@bradley.com
zmadonia@bradley.com
lgifford@bradley.com

Scott Burnett Smith
Angela M. Schaefer
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, Alabama 35801-4900
(256) 517-5100
(256) 517-5200 (fax)
ssmith@bradley.com
aschaefer@bradley.com

*Attorneys for Tyson Farms, Inc.*

**CERTIFICATE OF SERVICE**

        I hereby certify that on October 11, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joshua M. Vick
Dennis E. Goldasich, Jr.
Justin C. Owen
**Goldasich, Vick & Fulk**
2100 3rd Avenue North, Suite 400
Birmingham, AL  35203
*Counsel for Plaintiffs*

Robert O. Bryan
**Nelson, Bryan & Cross**
P.O. Box 2309
Jasper, AL  35502
*Counsel for Plaintiffs*

James Thomas Burgess
Scott M. Roberts
**Burgess Roberts LLC**
2017 Morris Avenue, Suite 100
Birmingham, AL 35203
*Counsel for Defendant Jasper Water Works and Sewer Board*

James L. Noles, Jr.
Spencer M. Taylor
Lisa Jane McCrary
**Barze Taylor Noles Lowther LLC**
2204 Lakeshore Drive, Suite 330
Birmingham, AL 35209
*Counsel for Defendant Jason Spann*

Bryan O. Balogh
R. Frank Springfield
Robert S. Given
D. Matthew Centeno
**Burr & Forman LLP**
420 North 20th Street, Suite 3400
Birmingham, AL 35203
*Counsel for Defendant Hydra Service, Inc.*

        s/ Michael R. Pennington
        OF COUNSEL