FILED
2019 Nov-26 PM 10:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **TIFFANY ASHLEY;** ) | |
| **CHARLES RICHARD CORRY, and** ) | |
| **BULLHEADED, LLC d/b/a** ) | |
| **THE BULLPEN STEAKHOUSE,** ) | |
| individually and on behalf of ) | |
| all others similarly situated, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **Case No.: 5:19-cv-01180-LCB** |
| ) | |
| **TYSON FARMS, INC. d/b/a** ) | |
| **RIVER VALLEY INGREDIENTS;** ) | |
| **JASON SPANN;** ) | |
| **HYDRASERVICE, INC., and** ) | |
| **JASPER WATER WORKS** ) | |
| **AND SEWER BOARD, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFFS' OPPOSITION TO DEFENDANT TYSON FARMS, INC.'S MOTION TO STRIKE THE CLASS ALLEGATIONS

COME NOW the Plaintiffs, Tiffany Ashley, Charles Richard Corry, and Bullhead, LLC d/b/a The Bullpen Steakhouse, and hereby file this Opposition to the pending Fed. R. Civ. P. 12(f) Motion to Strike the Class Allegations filed by

Defendant Tyson Farms, Inc. d/b/a River Valley Ingredients ("Tyson").[1] Defendant Tyson's motion to strike is due to be denied. Alternatively, if the Court is not inclined to deny Defendant Tyson's motion to strike at this juncture, the Plaintiffs respectfully request leave to amend, refine, or clarify the class description(s) and criteria.

I.  **ARGUMENT**

   A.  **Plaintiffs have not alleged a "fail safe" class.**

Defendant Tyson asserts that the Plaintiffs' class description is legally improper and constitutes a "fail safe" class. Defendant Tyson is incorrect. Plaintiffs describe the putative class in this action in the Complaint as follows:

> All Alabama residents who own or lease residential or commercial property and/or personal property that has been or will in the future be damaged as a result of the June 6, 2019 wastewater spill/contamination and the subsequent containment, handling, and/or remediation of said spill/contamination, and/or all Alabama residents who have experienced a negative affect on his/her/their use of natural resources and/or the general/normal use of their real property and/or personal property as a result of the June 6, 2019 wastewater spill/contamination and the subsequent containment, handling, and/or remediation of said spill/contamination.
>
> This class further includes all Alabama residents who have suffered or will in the future suffer any legally cognizable business and/or economic losses and/or damages as a result of the June 6, 2019 wastewater spill/contamination and the subsequent containment, handling, and/or remediation of said spill/contamination.

---

[1] Defendants HydraService, Inc. and Jasper Water Works and Sewer Board, Inc. have moved to join in Defendants Tyson and Spann's motions to dismiss.

(Doc. 1, p. 12, ¶ 24).

Plaintiffs' class description does not in any way involve any ultimate determination of liability. The class description links those who have been or will be "injured and/or damaged" with "the June 6, 2019 wastewater spill/contamination" or "the subsequent containment, handling, and/or remediation of said spill/contamination." (Id.). The class description does not require any investigation or finding regarding liability as to whether any negligent, wanton, reckless, or wrongful conduct caused the wastewater spill, or whether any subsequent containment, handling, or remediation effort in relation to the wastewater spill was handled negligently, wantonly, recklessly, or wrongfully. Without that liability connection or determination, Plaintiffs' proposed class is not a "fail safe" class.

In the Eleventh Circuit, "[d]istrict courts have broad discretion in deciding whether to certify a class." Alhassid v. Bank of America, N.A., 307 F.R.D. 684, 692 (S.D. Fla. 2015) (citing. De Leon–Granados v. Eller & Sons Trees, Inc., 497 F.3d 1214, 1218 (11th Cir. 2007) (quoting Cooper v. Southern Co., 390 F.3d 695, 711 (11th Cir. 2004)); Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1569 (11th Cir. 1992)). "Questions concerning class certification are left to the sound discretion of the district court." Griffin v. Carlin, 755 F.2d 1516, 1531 (11th Cir. 1985). Rule 12(f) motions to strike class allegations are generally disfavored. See Bankhead v. First Advantage Background Servs. Corp., 2018 WL

1789419, *5 (N.D. Ga. Jan. 30, 2018) (discussing Hawkins v. S2Verify, 2015 WL 5748077 (N.D. Cal. Oct. 1, 2015) (motions to strike "are disfavored because a motion for class certification is a more appropriate vehicle for argument about class propriety."). Moreover, in the context of class action lawsuits, motions to strike class allegations, such as the one filed by Defendant Tyson, are improper and premature when they are filed before the Plaintiffs have formally moved the Court to certify the proposed class.

A class description or definition only constitutes a "fail safe" class if the "definition incorporates all the elements of a ... claim." See Fennell v. Navient Solutions, LLC, 2019 WL 3854815, *4 (M.D. Fla. June 14, 2019); Etzel v. Hooters of America, LLC, 223 F. Supp. 3d 1306, 1316 (N.D. Ga. 2016) (holding plaintiffs' proposed class was not a "fail safe" class because "Plaintiff's class does not require meeting all of the elements of a TCPA violation."). Plaintiffs' class description in this case does not require determining or meeting all elements of Plaintiffs' claims in order for a party to qualify as a class member. Accordingly, Plaintiffs' class description does not fit the definition of a "fail safe" class under the law.

It is noteworthy that while "fail safe" classes are not desirable in certain circumstances, some circuits have explicitly "reject[ed] the fail-safe class prohibition." See In re Rodriguez, 695 F. 3d 360, 370 (5th Cir. 2012). The Hurt case relied upon by Defendant Tyson (and from which it essentially copies its entire

argument in its Motion to Strike), is not definitive authority with respect to the particular facts of this case, as Hurt involved a true "fail safe" class description that required the determination of all elements of the plaintiffs' claims in that case before any member of the proposed class could be identified, and the number of individuals who were identifiable as potentially falling within the class description barely numbered more than 20, which caused that federal district court to refused to allow the plaintiffs to amend their class description or engage in any limited discovery. See Hurt v. Shelby County Bd. of Educ., 2014 WL 4269113 (N.D. Ala. Aug. 21, 2014).

Plaintiffs' proposed class, as described in the Complaint, does not fit the definition of a "fail safe" class, and is not improper. Accordingly, Defendant Tyson's motion to strike class allegations is due to be denied.

### B. **Plaintiffs request leave to amend, refine, or clarify the class description and conduct necessary discovery.**

To the extent that the Court might find some merit in Defendant Tyson's motion to strike Plaintiffs' class allegations, Plaintiffs respectfully request that the Court grant Plaintiffs leave to amend, refine, or clarify the class description contained in Plaintiffs' Complaint and conduct necessary discovery and an evidentiary hearing aimed at refining the class description. "Precedent also counsels that the parties' pleadings are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and

permit some discovery and/or evidentiary hearing to determine whether a class may be certified." Mills v. Foremost Co., 511 F.3d 1300, 1309 (11th Cir. 2008) (finding that "the district court's certification ruling was premature under the particular circumstances of this case" where "the class certification issue cannot be readily resolved by the complaint alone," and explaining that the plaintiffs "at least should have been granted an opportunity to conduct limited discovery relevant to the certification issue and thereafter the court should have determined whether an evidentiary hearing was needed to enable the district court to make any necessary factual findings").

If the Court is not inclined to deny Defendant Tyson's motion to strike at this juncture, Plaintiffs respectfully request leave to amend, refine, or clarify Plaintiffs' class descriptions and allegations, conduct necessary discovery, and, if the Court finds it appropriate, conduct an evidentiary hearing on any class certification issue or challenge.

## II. CONCLUSION

Based upon the foregoing arguments and authorities, Plaintiffs Tiffany Ashley, Charles Richard Corry, and Bullhead, LLC d/b/a The Bullpen Steakhouse respectfully request that this Honorable Court enter an Order denying Defendant Tyson Farms, Inc.'s Motion to Strike the Class Allegations in its entirety.

Respectfully Submitted,

*/s/* Justin C. Owen
Justin C. Owen (ASB-9718-I36O)
*Attorney for the Plaintiffs*

OF COUNSEL:

GOLDASICH VICK & FULK
2100 3rd Avenue North, Suite 400
Birmingham, AL 35203
Tel.: (205) 731-2566
Fax: (205) 731-9451
Email: justin@golaw.net

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 26th day of November, 2019, I filed and served a copy of the foregoing upon all parties and attorneys of record via the Court's CM/ECF electronic filing system, U.S. Postal Service Certified Mail (return receipt requested), and U.S. Postal Service First Class Mail, which will send notification of such filing to the following persons of record:

Bryan O. Balogh, Esq.
R. Frank Springfield, Esq.
Robert S. Given, Esq.
D. Matthew Centeno, Esq.
Burr & Forman, LLP
420 20th Street North, Suite 3400
Birmingham, AL 35203
Tel.: (205) 251-3000
Fax: (205) 458-5100
Email: bbalogh@burr.com
   fspringfield@burr.com
   rgiven@burr.com
   mcenteno@burr.com
*Attorneys for Defendant HydraService, Inc.*

James Thomas Burgess, Esq.
Scott M. Roberts, Esq.
Burgess Roberts LLC
2017 Morris Avenue, Suite 100
Birmingham, AL 35203
Tel.: (205) 870-8611
Fax: (205) 870-8688
Email: tburgess@burgessroberts.com
   sroberts@burgessroberts.com
*Attorneys for Defendant Jasper Water Works and Sewer Board, Inc.*

Edward S. Sledge, IV, Esq.
Clyde Whittaker Steineker, Esq.
William S. Cox, III, Esq.
Davis S. Vaughn, Esq.
Angela Marie Schaefer, Esq.
Kriston Laney Gifford, Esq.
Michael R. Pennington, Esq.
Scott B. Smith, Esq.
Zachary A. Madonia, Esq.
Bradley Arant Boult Cummings LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203
Tel.: (205) 521-8000
Fax: (205) 521-8800
   Email: esledge@bradley.com
   wsteineker@bradley.com
   bcox@bradley.com
   dvaughn@bradley.com
   aschaefer@bradley.com
   lgifford@bradley.com
   mpennington@bradley.com
   ssmith@bradley.com
   zmadonia@bradley.com
*Attorneys for Defendant Tyson Farms, Inc.*

James L. Noles, Jr., Esq.
Spencer M. Taylor, Esq.
Lisa J. McCrary, Esq.
Barze Taylor Noles Lowther, LLC
Lakeshore Plaza
2204 Lakeshore Drive, Suite 330
Birmingham, AL 35209
Tel.: (205) 872-1032
Fax: (205) 872-0339
Email: jnoles@btnllaw.com
      staylor@btnllaw.com
      lmccrary@btnllaw.com
*Attorneys for Defendant Jason Spann*

/*s*/ Justin C. Owen
OF COUNSEL